John R. Layman, WSBA #13823
Taylor J. Burkett, WSBA #56698
Layman Law Firm, PLLP
601 S. Division St.
Spokane, WA 99202
Phone: (509) 455-8883
Email: tburkett@laymanlawfirm.com
Email: jrlayman@laymanlawfirm.com

Attorneys for Plaintiff

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE SOTO, individually,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware Corporation; and DERECK SMITH, individually,<br><br>Defendants | Case No.: 2:24-cv-00272<br><br>COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, John R. Layman and Taylor J. Burkett of the Layman Law Firm, PLLP, for his causes of action against Defendants and upon information and belief, hereby complains and alleges as follows:

## I.    PARTIES

1. At all times relevant to this Complaint for Damages ("Complaint"), Plaintiff Jamie Soto is a resident of Hungry Horse, Montana.

2. Upon information and belief, at all times relevant to this Complaint, Defendant Federal Express Corporation ("FedEx") is a Delaware corporation with its principal office address in the state of Tennessee at 3610 Hacks Cross Rd., Memphis, TN, 38125.

3. Upon information and belief, at all times relevant to this Complaint, Defendant Dereck Smith is a resident of Asotin County, Washington.

4. The wrongful acts alleged in this Complaint occurred in Whitman County, Washington.

## II.   JURISDICTION AND VENUE

5. Plaintiff re-alleges and incorporates paragraphs 1 through 4 of this Complaint above as if set forth herein.

6. This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332 (a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

7. Venue is proper in the United States District Court for the Eastern District of Washington under 28 U.S.C. §1391 (b)(2) because a substantial part of the events or omissions occurred in this District.

## III.   FACTS

8. Plaintiff re-alleges and incorporates paragraphs 1 through 7 of this Complaint above as if set forth herein, and further alleges as follows:

9. On August 17, 2021, Plaintiff Jamie Soto was driving south on State Route 195 in his aunt's 2016 Toyota Tacoma truck. At the same time, Defendant Dereck Smith, an employee of Defendant FedEx, was driving west on Old Wawawai Rd. in a 2017 Chevrolet Express Cargo Van, which FedEx owned. Defendant Dereck Smith was acting within the course and scope of his employment with FedEx at this time.

10. As both vehicles approached the intersection at State Route 195 and Old Wawawai Rd., Defendant Dereck Smith was traveling at approximately 60 miles per hour and failed to stop

at the stop sign, and collided with the front left side of Plaintiff's vehicle. The collision was violent and neither Plaintiff nor his passenger, Chip Nelson, had an opportunity to brace for the impact.

11. The collision caused Plaintiff's vehicle to be propelled down a side embankment on State Route 195 where it came to rest roughly 100-200 feet from the point of impact.

12. Washington State Patrol Officer Adrian Jones responded to the scene of the collision and issued Defendant Smith a citation (citation no.: 1A0552602) for failure to stop at the stop sign.

13. Plaintiff suffered severe and permanent injuries and damages as a direct and proximate result of the collision described herein.

14. Plaintiff further experienced past and future pain, suffering, emotional distress, inconvenience, disability, and loss of enjoyment of life as a result of the collision described herein.

## IV. CAUSES OF ACTION

**A. Negligence**

15. Plaintiff re-alleges and incorporates paragraphs 1 through 14 of this Complaint above as if set forth herein, and further alleges as follows:

16. Defendant Dereck Smith owed Plaintiff a duty of reasonable care in the operation of the subject FedEx truck.

17. Defendant Dereck Smith breached his duty as a reasonable and prudent driver by failing to avoid the collision.

18. Defendant Dereck Smith also breached his duties owed to Plaintiff by, without limitation:

    a. Failing to stop at a stop sign;

    b. Failing to maintain a safe speed for the conditions;

       c. Failing to exercise reasonable care in the operation of the subject FedEx truck;

       d. Failing to maintain a proper lookout and to see what was there to be seen; and

       e. Failing to avoid a collision.

19. Defendant Dereck Smith failed to obey the following statutes, breaching his duties of care to Plaintiff:

       a. Defendant Smith violated RCW 46.61.050(1) by failing to obey traffic control devices;

       b. Defendant Smith violated RCW 46.61.400 (1) by failing to control his speed as necessary to avoid colliding with Plaintiff; and

       c. Defendant Smith violated RCW 46.61.445 by failing to exercise due care and caution under the circumstances.

20. As a direct and proximate result of Defendant Smith's tortious conduct, Plaintiff suffered personal injuries and damages, the full extent and nature of which will be proven at trial.

21. As a result of Defendant Dereck Smith's negligence, Plaintiff suffered permanent injuries and damages, past and future, for which Defendants are now liable in amounts to be made certain at the time of trial.

**B. Vicarious Liability**

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 of this Complaint above as if set forth herein, and further alleges as follows:

23. Defendant FedEx is vicariously liable for the tortious conduct and negligence caused by its employee, Defendant Dereck Smith, due to the employer-employee relationship.

24. Upon information and belief, at all times relevant to this cause of action, Defendant Smith is an employee, agent, and/or ostensible agent of Defendant FedEx.

25. Upon information and belief, at all times relevant to this cause of action, Defendant Smith was acting within his official capacity scope of his employment with Defendant FedEx and was driving the subject 2017 FedEx Chevrolet Express Cargo Van with the permission of Defendant FedEx.

26. Defendant FedEx is vicariously liable for Plaintiff's personal injuries proximately caused by its employee, Dereck Smith, the extent and nature of which will be proven at the time of trial.

## V.    ABSENCE OF COMPARATIVE FAULT

27. No facts support findings that Plaintiff was negligent.

28. No facts support findings that Plaintiff was a proximate cause of his own damages.

29. No facts support apportioning fault to Plaintiff for damages caused by the subject collision.

30. No facts support apportioning fault to any nonparty.

## VI.    DAMAGES

31. Defendants' tortious conduct proximately caused Plaintiff to sustain economic and noneconomic damages.

32. As a direct and proximate result of the vehicle collision referred to herein, Plaintiff incurred damages for past, present, and future medical expenses, as well as other economic and out of pocket expenses in amounts to be established at trial.

33. Plaintiff also suffered damages for past and future pain and suffering, inconvenience, mental anguish, disability, emotional distress, loss of enjoyment of life, and other noneconomic damages in amounts to be established at trial.

## VII.   JURY DEMAND

Plaintiff Jamie Soto demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VIII.   REQUEST FOR RELIEF

Wherefore, Plaintiff requests this Court enter judgment against Defendants, to the extent such damages are proved:

A.  Awarding past and future economic damages for, without limitation, medical expenses, wage loss, and other economic and out of pocket expenses in amounts to be established at the time of trial;

B.  Awarding past and future noneconomic damages for, without limitation, pain, suffering, inconvenience, mental anguish, disability, disfigurement, loss of enjoyment of life, loss of consortium, and other noneconomic damages in amounts to be established at the time of trial;

C.  Awarding statutory fees and costs incurred in the actions as allowed by law;

D.  Awarding interest calculated at the maximum rate allowed by law; and

E.  Awarding such further relief as this Court deems just and equitable.

DATED this 8th day of August, 2024.

_____
John R. Layman, WSBA #13823
Taylor J Burkett, WSBA #56698
of Layman Law Firm, PLLP
601 S. Division St.
Spokane, Washington 99202-1335
Attorneys for Plaintiff